IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Christopher L. Childs, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25cv1737 (RDA/IDD) |
| | ) | |
| Rappahannock Regional Jail, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to screen Virginia inmate Christopher L. Childs' *pro se* complaint, filed pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated because he did not receive adequate medical care while detained at the Rappahannock Regional Jail in Stafford, Virginia. Dkt. No. 1. The Court must screen a prisoner's complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a district court thus applies the same standard as a Rule 12(b)(6) motion. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (citation omitted). A complaint must therefore allege facts in support of each element of each claim the plaintiff raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citations omitted). While a court must construe a pro se complaint liberally, a court "is not bound by the complaint's legal conclusions," conclusory allegations, or unwarranted inferences. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's complaint has several deficiencies. First, the only named defendant is Rappahannock Regional Jail, an adult correctional facility located in Stafford, Virginia. However, "[b]ecause a jail is not a legal entity, it is not a 'person' subject to suit under § 1983." *Dales v. Haysi Reg'l Jail*, No. 7:16cv386, 2016 WL 7168278, at *1 (W.D. Va. Dec. 8, 2016), *1 (W.D. Va. Dec. 8, 2016) (citing *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992), *aff'd*, 9 F.3d 1544 (4th Cir.

2

1993) (table case)); *see Painter v. Blue Ridge Reg'l Jail Auth.*, No. 6:17cv34, 2017 WL 3725993, at *5 (W.D. Va. Aug. 29, 2017) (holding that a regional jail "is not subject to suit under § 1983 because it is an arm of the Commonwealth of Virginia" and collecting cases). *See Preval v. Reno*, 203 F.3d 821, at *1 [published in full-text format at 2000 WL 20591, at *1 (4th Cir. January 13, 2000) (per curiam) (unpublished).[2] Because Rappahannock Regional Jail is not a person under § 1983 it must be dismissed as a defendant, with prejudice.

Furthermore, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed *by a person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint presents a conclusory Eighth Amendment claim for inadequate medical care but does not name a serious medical need, he only states he requested to see "mental health" about his lack of medication. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, Plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Miltier*, 896 F.2d at 851. A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Here, Plaintiff alleges that vague

---

[2] The Fourth Circuit affirmed the district court opinion in *Preval v. Reno*, 57 F.Supp.2d 307 (E.D.Va.1999), which held that "the Piedmont Regional Jail is not a 'person' . . . under 42 U.S.C. § 1983." *Id.* at 310 (citing *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (1992)).

and conclusory allegations, which fail to provide any dates as to when the alleged denial of medical care occurred.

In deference to his *pro se* status, the Court will allow Plaintiff an opportunity to amend his complaint to address the deficiencies noted.  The amended complaint *must* separately number each claim that Plaintiff is seeking to raise by letter or number. The defendants alleged to be liable, together with the facts that establish liability, must be alleged with the claim. Each subsequent claim shall be designated by the appropriate letter or number and shall identify the federal right he alleges has been violated. Together with the claim, in separately numbered paragraphs, Plaintiff will name the defendant or defendants associated with the claim, provide the facts associated with claim, and include the facts that establish the acts or failure to act that implicates each defendant named. In setting forth the specifics and facts of his claim, plaintiff should use defendants' names rather than a generic designation of "defendants," which would assist in clarifying the matter and allow a defendant to respond. The facts *must* include dates as to when matters occurred.

In setting forth the facts in his amended complaint, plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend the nature of the claim Plaintiff is attempting to present. Plaintiff is expressly advised that the amended complaint supersedes the original complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

**ORDERED** that "Rappahannock Regional Jail" is **DISMISSED with PREJUDICE** as a defendant in this civil action; and it is

**FURTHER ORDERED** that Plaintiff particularize and amend his complaint by filing an amended complaint within thirty (30) days of the date of this Order using the enclosed standardized

4

§1983 complaint form by (i) naming every person he wishes to include as a defendant and (ii) submitting a short, detailed statement of background facts which describes the <u>specific conduct of each defendant</u> whom he alleges violated his constitutional rights, as detailed in this Order, and including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must reallege the facts from the original complaint in his amended complaint, and he must include his civil action number, **1:25cv1737 (RDA/IDD)**, on the first page of his amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff.

Entered this _____ day of _____ 2026.

Alexandria, Virginia

_____ /s/

Rossie D. Alston, Jr.
United States District Judge